UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH J. BROOKS,

        Petitioner,

v.

        Case No. 22-cv-466-pp

LARRY FUCHS,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO.1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

    On April 15, 2022, the petitioner, who currently is incarcerated at Columbia Correctional Institution and is represented by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for first-degree reckless homicide, use of a dangerous weapon and battery. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

    The petition refers to State v. Brooks, Milwaukee County criminal Case No. 2013CF00569. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. (available at https://wcca.wicourts.gov). It

1

reflects that on January 31, 2013, the State of Wisconsin filed a criminal complaint against the petitioner. Id. On January 15, 2014, a jury found the petitioner guilty of first-degree reckless homicide while using a dangerous weapon and battery. Id. On April 3, 2014, the state court sentenced the petitioner to forty years of initial confinement followed by twenty years of extended supervision. Id. The court entered judgment on April 4, 2014. Id.

The petitioner filed his notice of intent to pursue post-conviction relief on April 11, 2014. Id. The petitioner filed a motion for post-conviction relief on August 2, 2016 and a supplemental motion for postconviction relief on August 10, 2016. Id. On November 22, 2016, the state court granted an evidentiary hearing on counsel's request for lesser included jury instructions and denied the remainder of the motion. Id. On June 5, 2017 the court denied the motion for postconviction relief. On August 25, 2017, the petitioner filed a notice of appeal. Id. On September 26, 2018, the Wisconsin Court of Appeals affirmed the judgment of the circuit court. Id.; Dkt. No. 1-2. On August 14, 2019, the Wisconsin Supreme Court denied the petition for review. Id.; Dkt. No. 1-3. On September 22, 2021, the Wisconsin Court of Appeals denied the petitioner's petition for a writ of *habeas corpus*, id., Dkt. No. 1-4, and on February 16, 2022 the Wisconsin Supreme Court denied the petition for review, id., Dkt. No. 1-5.

**II.      Rule 4 Screening**

    A.      Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition lists a single ground for relief: ineffective assistance of appellate counsel. Dkt. No. 1 at 14. The petitioner asserts that his appellate lawyer did not challenge the trial court's refusal to give his theory-of-defense instruction. Id. A claim of ineffective assistance of appellate counsel generally is cognizable on federal *habeas* review. See Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009) (considering ineffective assistance of appellate counsel claim).

It appears that the petitioner timely filed the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

4

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d). Subsection (2) of the same statute provides for tolling of the one-year time period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2). The petitioner's 2016 conviction appears to have become "final" for purposes of federal *habeas* review approximately ninety days after the Wisconsin Supreme Court denied his petition for review on February 16, 2022. He filed this federal *habeas* petition on April 15, 2022.

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to consider to whether the petitioner has properly exhausted his ground for *habeas* relief. Further, any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

The court cannot conclude that it is clear from the face of the petition that the petitioner is not entitled to relief.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the ground for relief in his *habeas* petition.

5

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files [his/her] opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 7th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**